**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SEOUL SEMICONDUCTOR CO., LTD., a Korean Corporation, and SEOUL VIOSYS, CO., LTD., a Korean Corporation, | |
| | Case No. 23-cv-2690 |
| Plaintiffs, | |
| | Judge Mary M. Rowland |
| v. | |
| ACE HARDWARE CORPORATION, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs filed suit against Defendant Ace Hardware, alleging ten counts of patent infringement. [1]. Ace now moves to stay this case pending resolution of *Seoul Semiconductor Co., Ltd. et al v. Feit Electric Co.*, No. 2-22-cv-05097 (C.D. Cal.). [75]. For the reasons herein, the motion to stay is granted in part and denied in part.

**I.  Background**

Plaintiffs—Seoul Semiconductor Co. and its subsidiary, Seoul Viosys Co.—are Korean companies specializing in the manufacture of LED devices. [1] ¶¶ 1-3. Plaintiffs assert themselves as the rightful owners of various patents in connection with their LED technology, 10 of which are at issue in this case: U.S. Patent Nos. 7,572,653; 7,667,225; 9,269,868; 8,604,496; 8,659,050; 9,147,821; 9,981,410; 9,716,210; 10,134,967; and 7,397,069 (collectively, the "Seoul LED Patents."). [1] ¶¶14-24. Defendant Ace Hardware is a nationwide retailer of tools and home

1

improvement goods, incorporated in Delaware and headquartered in Illinois. [1] ¶ 6; [75] at 6. Ace acknowledges that it sells multiple products incorporating LED components. *See id.* at 11.

On April 15, 2022, Plaintiffs filed suit against Ace in the Eastern District of Virginia, pleading ten counts of patent infringement, in violation of 35 U.S.C. § 271(a), for products manufactured and supplied by third parties that Ace resells to consumers. [1]. The case was then transferred to this district upon motion by Ace. [46]. In its Answer, Ace denies infringement and asserts affirmative defenses of non-infringement and invalidity. [70] ¶¶ 114, 115. On August 16, 2023, Ace moved to stay this case. [75].

Plaintiffs' complaint identified three "exemplary" infringing products. [1] ¶¶ 40, 48, 54. Plaintiffs' initial infringement contentions identified a total of 219 accused products. Of these, 177 products are supplied to Ace by light bulb company Feit Electric. [78]. The remaining products, according to Plaintiffs, are manufactured and/or supplied by companies including Globe, Nebo, Gemmy, Westinghouse, and Ace itself. [77] at 13.

It is undisputed that Plaintiffs have filed multiple concurrent suits based on the same patents against different parties. Plaintiffs previously asserted at least seven of the ten patents at issue in this case. *See* [75] at 7-8 (listing cases). Plaintiffs are also actively litigating three other cases that involve some overlapping patents: *Seoul Semiconductor Co., Ltd. et al v. Finelite, Inc.*, No. 3-22-cv-02869 (N.D. Cal) ("Finelite"); *Seoul Semiconductor Co., Ltd. et al v. GE Healthcare, Inc.*, No. 1-22-cv-

01455 (D. Del.) ("GE"); and *Seoul Semiconductor Co., Ltd. et al v. Feit Electric Co.*, 2-22-cv-05097 (C.D. Cal.) ("Feit Electric"). The *Finelite* case concerns seven of the same patents at issue here and is now stayed pending resolution of Defendant Finelite's appeal of a third-party complaint. 22-cv-02869, [198].[1] The *Feit Electric* case, meanwhile, involves all 177 of the same Feit products as here, and three of the same patents (patents '225, '210, and '967). The parties in that case are currently engaged in discovery and moving towards a claim construction hearing set for September 2024. 2-22-cv-05097, [208] (Claim Construction Scheduling Order).

## II.    Legal Standard

A district court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Texas Indep. Producers & Royalty Owners Ass'n. v. EPA*, 410 F.3d 964, 980 (7th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (cleaned up).

To determine whether a stay is appropriate, courts generally consider the following factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court. *Se-Kure Controls, Inc. v. Sennco Sols., Inc.*, 675 F. Supp. 2d 877, 879 (N.D. Ill. 2009) (citing *Pfizer, Inc. v. Apotex, Inc.*, 640 F.Supp.2d 1006, 1007

---

[1] Ace fails to mention the procedural posture of the *Finelite* case in its briefing. This Court is not inclined to stay this case pending the resolution of another case that is also currently stayed.

3

(N.D.Ill. 2009). District courts have broad discretion in exercising this authority. *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir.1995).

## III.    Analysis

Ace argues that the overlap in products and patents between this case and the *Feit Electric* and *Finelite* cases warrants a stay, especially under the customer-suit exception because Ace, as a retailer, is not a true party in interest. Plaintiffs respond that there is no meaningful overlap, and they identify products supplied to Ace by companies other than Feit. The Court agrees with Plaintiffs that the customer-suit exception does not *exactly* fit this case. However, the general principles that animate the exception, as well as the Court's inherent power to stay, weigh in favor of a partial stay on claims that relate to Feit products.

### a.  Customer-Suit Exception

In patent cases, courts recognize the customer-suit exception to the first-to-file rule.[2] Under the exception, when "a patent owner files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement of patent invalidity, the suit by the manufacturer generally take[s] precedence." *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014). "In practice, this means courts will stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum." *Mantissa Corp. v. Old Second Bancorp, Inc.*, No. 17 C 9175, 2018 WL 3059604, at *3 (N.D. Ill.

[2] The first-to-file rule provides that when two actions that "sufficiently overlap are filed in two different federal district courts," the later-filed action "generally is to be stayed." *Futurewei Techs., Inc. v. Acacia Rsch. Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013).

June 20, 2018) (quoting *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011) (internal quotation marks omitted). The customer-suit exception is meant to avoid imposing undue burdens on the customer-defendant when the manufacturer is "generally the 'true defendant' in the dispute." *Nintendo*, 756 F.3d at 1365. The guiding principles of the exception are efficiency and judicial economy. *Tegic Commc'ns Corp. v. Bd. of Regents of the Univ. of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006).

Courts use three factors to assess whether the customer-suit exception applies: (1) whether the customer-defendant in the earlier-filed case is a reseller; (2) whether the customer-defendant has agreed to be bound by a decision in favor of the patentee-plaintiff; and (3) whether the manufacturer is the only source of the infringing product to the customer-defendant. *Card Activation Techs. v. Pier 1 Imports, Inc*, No. 09-CV-2021, 2009 WL 2956926, at *3 (N.D. Ill. Sept. 14, 2009); *Pragmatus Telecom, LLC v. Advanced Store Co., Inc.*, No. 12-088-RGA, 2012 WL 2803695, at *3 (D. Del. 2012).

Ace contends that Plaintiffs' suit against Feit Electric, the supplier of 80 percent of the accused products at issue in this case, should trigger the customer-suit exception. Because three patents overlap between this case and the *Feit Electric* case, Ace argues that determinations of invalidity and/or non-infringement in *Feit Electric* will "eliminate 30% of the Asserted Patents here." [75] at 12.

Ace's arguments falter, though, when the Court considers the claims at issue in the *Feit Electric* case. The customer-suit exception typically applies when a

manufacturer files a concurrent declaratory judgment action against the patent owner. Here, though, the later-filed case is another infringement suit brought by Plaintiffs. On the one hand, that there are two lawsuits filed by the same Plaintiffs concerning many of the same products counsels in favor of a stay in the name of judicial economy. On the other hand, though, as Plaintiffs point out and as the Court's review of the *Feit Electric* docket confirms, Feit has not filed either a declaratory judgment action or counterclaims alleging invalidity or non-infringement against Plaintiffs. Moreover, out of the ten patents Plaintiffs assert here, only three are shared between this case and the *Feit Electric* case. Though there is indeed a significant amount of overlap between the *products* at issue in both cases, Plaintiffs do not plead similar claims about whether those shared products infringe the same *patents*. It's true that "the manufacturer's case need only have the potential to resolve the "major issues" concerning the claims against the customer—not every issue—in order to justify a stay of the customer suit[]." *Spread Spectrum Screening,* 657 F.3d at 1358. Still, the "basic elements" of the customer-suit exception—" a patent infringement suit against a customer and a concurrent declaratory judgment action by the manufacturer, vis-a-vis the *same patent and accused product*"—are not present in this case. *Cf. Mantissa*, 2018 WL 3059604, at \*5.

The Court will also look to the additional customer-suit factors articulated in *Card Activation Techs*, 2009 WL 2956926. First, Ace is merely a reseller for the vast majority of products Plaintiffs identify in their initial infringement conditions, except for a few Ace-branded products. *See* [77-3]. However, the remaining two factors weigh

against Ace's arguments to apply the customer-suit exception. Ace has not explicitly agreed to be bound by any infringement or validity determinations in favor of Plaintiffs in *Feit Electric*. *Cf. Mantissa*, 2018 WL 3059604, at *6. Also, Feit Electric is not the sole source of the allegedly infringing products—Plaintiffs also name products supplied by companies Gemmy, Nebo, and Westinghouse. [77] at 9. On balance, these factors weigh against a stay under the customer-suit exception.

In light of these factors, as well as the additional patents at issue in this suit against Ace, the Court declines to apply the customer-suit exception.

### b. General Stay Factors

Just because the customer-suit exception does not neatly fit this case does not mean the Court cannot use its inherent power to implement a stay. *See Card Activation Techs., Inc. v. 7-Eleven, Inc.*, No. 1:10-CV-4984, 2011 WL 663960, at *2 (N.D. Ill. Feb. 10, 2011) (considering traditional factors for stay even when first-to-file rule did not fit the facts of the case). Here, while the asserted patents vis a vis accused products here are not identical with the *Feit Electric* litigation, Ace has shown that there is a significant factual overlap between the two cases. 177 of the same products—80% of those alleged here—are also accused in the suit against Feit, the supplier of the products. The Court will accordingly weigh the traditional factors to determine whether a stay would be in the interest of both parties and the Court.

First, it is highly likely that the outcome of the *Feit Electric* suit will narrow the scope of this case and streamline trial. In addition to the three shared patents and 177 shared products, Ace identifies at least eight claim terms that are common between the other asserted patents in the two cases. Claim construction by the *Feit*

*Electric* Court thus stands to guide this Court in constructing identical language in the patents at issue here. Discovery in the *Feit Electric* case will also clarify the function and structure of the overlapping infringing products. In this way, avoiding duplicative discovery on the Feit-supplied products will reduce the burden of litigation on the parties.

Finally, Plaintiffs have not shown that a stay will cause them to suffer undue prejudice or a tactical disadvantage.[3] They point to the potential delay a stay would cause in this case, but proceedings here have not progressed past initial scheduling. And, in the spirit of the customer-suit exception, Feit is the "true defendant" in claims against its products. Ace is "simply a downstream retailer . . . of the allegedly infringing product[s]." *Mantissa*, 2018 WL 3059603, at *3. Feit naturally has more knowledge and capacity to produce discovery about the accused products, as well as a greater interest in defending its products. *See Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 738 (1st Cir. 1977) ("[I]t is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products."). Indeed, a stay here would allow Plaintiffs to devote resources to the *Feit Electric* case and the "true defendant" that otherwise would have gone into simultaneously litigating this case.

---

[3] Plaintiffs also object to a stay because Ace has not affirmed that it will be bound by any decision in the *Feit Electric* case. The Court encourages the parties to continue discussing the terms of such an agreement. Still, the fact that Ace did not agree to be bound does not foreclose a stay. *See Card Activation Techs. v. Pier 1 Imports, Inc.*, No. 09C2021, 2009 WL 2956926, at *3 (N.D. Ill. Sept. 14, 2009).

The traditional stay factors thus weigh in favor of a stay pending a decision in the *Feit Electric* case on overlapping patents and Feit products. The Court thus orders a partial stay as to the infringement claims relating to Feit-supplied products only. The parties may proceed with discovery on the remaining claims and products.

## IV. Conclusion

For these reasons, Defendant Ace's motion to stay [75] is GRANTED IN PART. This case is STAYED with respect to products supplied by Feit Electric that are also at issue in *Semiconductor Co., Ltd. et al v. Feit Electric Co.*, No. 2-22-cv-05097 (C.D. Cal.). The partial stay will be in effect pending further order of the Court.

E N T E R :

Dated: June 11, 2024

_____
MARY M. ROWLAND
United States District Judge